## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 29 2017, 8:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nicole A. Zelin
Pritzke & Davis, LLP
Greenfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela Sanchez
Lee M. Stoy, Jr.
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher M. Beaty,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 29, 2017<br><br>Court of Appeals Case No.<br>30A05-1706-CR-1366<br><br>Appeal from the Hancock Circuit Court<br><br>The Honorable Richard D. Culver, Judge<br><br>Trial Court Cause No.<br>30C01-1701-F4-204 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Christopher M. Beaty (Beaty), appeals his conviction for dealing in methamphetamine, a Level 4 felony, Ind. Code § 35-48-4-1.1(a)(1),(c)(1); possession of methamphetamine, a Level 6 felony, I.C. § 35-48-4-6.1(a); and visiting a common nuisance, a Class B misdemeanor, I.C. § 35-45-1-5(a)(3),(b).

We reverse and remand.

# ISSUE

Beaty raises two issues on appeal, one of which we find dispositive and which we restate as follows: Whether the State presented sufficient evidence to support Beaty's conviction for dealing in methamphetamine as a Level 4 felony.

# FACTS AND PROCEDURAL HISTORY

On January 25, 2017, Sarah Gustin (Gustin) was introduced to Beaty through a mutual friend. They spent time together the next day, and on January 27, 2017, Gustin drove Beaty to the outskirts of Greenfield, Hancock County, Indiana, in order to meet one of his friends regarding "[a] [m]eth deal." (Tr. p. 81). The friend, identified simply as "Taylor," got into Gustin's vehicle, and the trio drove to the southside of Indianapolis "[t]o pick up the [m]eth." (Tr. pp. 82, 84). Gustin parked her vehicle in the parking lot of a pharmacy, and Beaty instructed her to wait there as he exited the vehicle and walked further down the street. Twenty minutes later, Beaty returned to the vehicle with "a rock of [m]eth." (Tr. p. 86). Beaty "split [the rock] in half" and gave one half—*i.e.*,

supposedly a gram of methamphetamine—to Taylor in exchange for $100.00. (Tr. p. 86). Beaty kept the other half. Gustin drove Taylor home, then she and Beaty drove to a house located at 375 Mount Street in Greenfield. Once again, Gustin waited in her vehicle while Beaty went inside, purportedly so that he could "weigh out the amount [of methamphetamine] that he had kept." (Tr. p. 88).

[5]    At that time, it just so happened that the Hancock County Sheriff's Department and the Greenfield Police Department planned to execute a narcotics search warrant at the Mount Street house. Approximately five or six people, including Beaty, were inside at the time the officers entered and were placed under arrest. An officer searched Beaty and recovered "a gray piece of plastic which contained [a] crystal type substance which later field tested positive for [methamphetamine]." (Tr. p. 124). Laboratory testing subsequently confirmed the substance was methamphetamine, weighing "1.01 grams plus or minus .02 gram to a 95% degree of confidence." (Tr. p. 181). Outside, police officers spoke with Gustin and, with her consent, searched her vehicle, where they retrieved Beaty's cell phone. The content of the messages downloaded from Beaty's phone indicated that he was involved in procuring various types of drugs for multiple people.

[6]    On January 30, 2017, the State filed an Information, charging Beaty with Count I, dealing in methamphetamine, a Level 4 felony, I.C. § 35-48-4-1.1(a)(1),(c)(1); Count II, possession of methamphetamine, a Level 6 felony, I.C. § 35-48-4-6.1(a); and Count III, visiting a common nuisance, a Class B misdemeanor,

I.C. § 35-45-1-5(a)(3),(b). On March 9, 2017, Beaty informed the trial court that he desired to proceed *pro se*, and he demanded a speedy trial. The trial court directed Beaty's previously-appointed attorney to act as standby counsel. On May 9, 2017, the trial court conducted a jury trial. At the close of the evidence, the jury returned guilty verdicts on all Counts. On June 2, 2017, the trial court held a sentencing hearing. The trial court sentenced Beaty to ten years for dealing in methamphetamine, two and one-half years for possession of methamphetamine, and 180 days for visiting a common nuisance—all to be executed concurrently in the Indiana Department of Correction.

[7] Beaty now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Beaty claims that the State presented insufficient evidence to support his conviction for dealing in methamphetamine as a Level 4 felony. Our standard of reviewing claims of sufficiency of the evidence is well settled. Our court considers only the probative evidence and reasonable inferences supporting the verdict. *Boggs v. State*, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), *trans. denied*. We do not reweigh evidence or judge the credibility of witnesses. *Id.* "We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* The evidence need not "overcome every reasonable hypothesis of innocence." *Id.* Rather, [t]he evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id.*

[9]     In order to prove the offense as charged, the State was required to establish that Beaty knowingly or intentionally delivered methamphetamine, and that "the amount of the drug involved [was] at last one (1) gram but less than five (5) grams." I.C. § 35-48-4-1.1(a)(1)(C),(c)(1). Here, Beaty does not challenge that he delivered the methamphetamine to Taylor; rather, his sole contention is that the State failed to establish that the weight of the delivered methamphetamine was between one and five grams to warrant a Level 4 felony conviction. Dealing less than a gram of methamphetamine is chargeable as a Level 5 felony. I.C. § 35-48-4-1.1(a)(1)(C).

[10]    Because the weight of the drugs enhanced the dealing offense from a Level 5 felony to a Level 4 felony, it is an essential element that the State was required to prove beyond a reasonable doubt. *Halsema v. State*, 823 N.E.2d 668, 673 (Ind. 2005). In order to prove the weight element of a drug or controlled substance, "the State must either offer evidence of its actual, measured weight or demonstrate that the quantity of the drugs or controlled substances is so large as to permit a reasonable inference that the element of weight has been established." *Id.* at 674. Here, the State presented evidence of the actual, measured weight of the methamphetamine found in Beaty's *possession*—which amounted to 1.01 grams with a margin of error of .02 grams in either direction.

[11]    To establish the weight of the methamphetamine that Beaty *delivered* to Taylor, however, the State relied on evidence indicating that Beaty and Taylor had specifically agreed to exchange one gram of methamphetamine for $100.00— the typical rate for a gram of methamphetamine—and that Beaty had "split [the

methamphetamine rock] in half," keeping slightly over one gram in his possession. (Tr. p. 86). The State does not contend that there was such a large quantity of methamphetamine that the weight could be established by inference. Instead, the State relies on caselaw indicating that the weight of drugs may be established from testimony by "those who regularly use or deal in the substance or developed an acute ability to assess the weight of the drugs in which they deal" as well as from law enforcement officers "who regularly investigate methamphetamine crimes to establish the weight of the final product." *Buelna v. State*, 20 N.E.3d 137, 147-48 (Ind. 2014) (internal quotation marks omitted). We are unpersuaded by the State's arguments.

[12] "[O]nly direct evidence, not circumstantial evidence, may sustain a weight enhancement." *Id.* at 148. Here, there is no evidence that any law enforcement officer observed or handled the methamphetamine that was transferred to Taylor to be able to testify as to its weight based on experience. Also, Beaty never testified regarding the weight of the methamphetamine, and the fact that Beaty went to the house on Mount Street in order to weigh his remaining methamphetamine is indicative of his lack of "an acute ability to assess the weight" based on his frequent use. *Id.* at 147. There is no evidence as to the methamphetamine rock's weight prior to Beaty splitting it with Taylor, and there is absolutely nothing in the record to support a finding that Beaty so precisely split the rock in half that the portion delivered to Taylor was identical in weight to the 1.01 grams retained by Beaty. Thus, we conclude that the State

failed to meet its burden, and Beaty's conviction cannot stand.[1] We remand this case to the trial court with instructions to enter judgment for dealing in methamphetamine as a Level 5 felony and to impose a new sentence accordingly. *See Halsema*, 823 N.E.2d at 675-76 (directing the trial court to impose a sentence for lesser charge where weight of drugs was not proven to support enhanced charge).[2]

## CONCLUSION

[13] Based on the foregoing, we conclude that the State presented insufficient evidence to support Beaty's Level 4 felony conviction for dealing in methamphetamine. We remand this matter to the trial court to enter judgment and resentence as a Level 5 felony.

[14] Reversed and remanded.

[15] Baker, J. and Brown, J. concur

---

[1] We decline the State's footnote request to elevate Beaty's Level 6 felony conviction for possessing methamphetamine to a Level 4 felony for possessing methamphetamine with an intent to deliver (*i.e.*, dealing between one and five grams, I.C. § 35-48-4-1.1(a)(2)(C),(c)). Whether Beaty intended to deliver the methamphetamine that he retained in his possession is an issue that should have been charged and presented to the jury for a determination.

[2] Because we reverse and remand for resentencing, we will not address Beaty's other claim that his sentence is inappropriate in light of the nature of the offense and his character.